```
                                          FILED
                                   CLERK, U.S. DISTRICT COURT

                                     Jan 27, 2015

                                 CENTRAL DISTRICT OF CALIFORNIA
                                 BY:      PMC      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J. RAVEN, an individual, | ) | CASE NO. 2:14-cv-08288-SVW-JC |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | MICHAEL DEMARCO'S MOTION TO |
| v. | ) | DISMISS FOR LACK OF PERSONAL |
| | ) | JURISDICTION |
| STEFAN MOLYNEUX, an individual; | ) | [15] |
| MICHAEL DEMARCO AKA "MMD," an | ) | |
| individual; and DOES 1 through 50, | ) | |
| Defendants. | ) | |
| | ) | |

## I.      INTRODUCTION[1]

This case arises from a dispute between a bombastic anarchist philosopher and his critic. On October 24, 2014, the mysteriously titled plaintiff—J. Raven ("Raven")—sued defendants Stefen Molyneux ("Molyneux") and Michael DeMarco ("DeMarco"). (Dkt. 1.) Raven asserts claims for (1) declaratory relief that her use of Defendants' works is lawful, (2) violation of 17 U.S.C. § 512(f), and (3) defamation. (*Id.*)

Presently before the Court is DeMarco's motion to dismiss for lack of personal jurisdiction. (Dkt. 15.) For the reasons discussed below, the Court GRANTS DeMarco's motion and DISMISSES WITHOUT PREJUDICE Raven's claims against DeMarco.

---

[1] Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15.

## II.    FACTUAL BACKGROUND

Molyneux is a "self-described philosopher and anarchist."  (Compl. ¶ 14.)  He has disseminated his views on such subjects as "Libertarianism, Men's Rights, [and] achieving 'Personal and Political Freedom,'" via books, essays, audio podcasts[2], videos, and public appearances. (*Id.*)  Molyneux made his podcasts, videos, and other materials available on the internet, including on the Freedomain Radio website and on YouTube.  (Compl. ¶ 16.) Molyneux resides in Ontario, Canada.  (Compl. ¶ 6.)

DeMarco resides in New York.  (Compl. ¶ 7.)  Plaintiff alleges that DeMarco is Molyneux's representative.  (Compl. ¶ 41.)  Plaintiff's complaint fails to allege any other information regarding DeMarco's relationship to Molyneux.  In his declaration, DeMarco asserts that he works from his New York residence as an independent contractor for Live Data Design Corporation ("LDD"), which owns and operates Freedomain Radio.  (DeMarco Decl. ¶ 3.)  LDD is a corporation organized under the laws of Ontario, Canada.  (*Id.*)  DeMarco asserts that his work for LDD primarily entails providing operational, post-production, and customer support for Freedomain Radio.  (*Id.*)

Raven resides in Texas.  (Compl. ¶ 5.)  She produces and distributes video content through her YouTube channel, which she operates under the pseudonym "Tru Shibes."  (*Id.*) Raven produced and published ninety-seven videos critiquing Molyneux's materials.  (Compl. ¶¶ 21, 24.)  At least some of Raven's videos incorporate excerpts from Molyneux's materials. (Compl. ¶¶ 22–23.)  On August 17 and 18, 2014, YouTube sent Raven a total of nine Digital Millennium Copyright Act ("DMCA") takedown notices.  (Compl. ¶¶ 36–37.)  Plaintiff asserts that DeMarco filed seven of the notices on Molyneux's behalf and that "Defendants" filed the other two notices.  (*Id.*)  As a result of the notices, YouTube shut down Raven's Tru Shibes channel.  (Compl. ¶ 38.)

## III.    ANALYSIS

### A.    Legal Standard for Motion to Dismiss Under Rule 12(b)(2)

---

[2]  A podcast is "a program (as of music or talk) made available in digital format for automatic download over the Internet."  *Podcast Definition*, MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/podcast (last visited Jan. 23, 2015).

1         DeMarco moves to dismiss the complaint for lack of personal jurisdiction under

2   Federal Rule of Civil Procedure 12(b)(2).  When a defendant moves to dismiss under Rule

3   12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction exists.

4   *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).  Courts may consider evidence

5   regarding personal jurisdiction presented in affidavits.  *Gilbert v. Bank of Am.*, No. C

6   13-01171 JSW, 2014 WL 4748494, at *3 (N.D. Cal. Sept. 23, 2014) (citing *Data Disc, Inc. v.*

7   *Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  "Where the motion is based

8   on written materials rather than an evidentiary hearing, the plaintiff need only make a prima

9   facie showing of jurisdictional facts."  *Browne v. McCain*, 612 F. Supp. 2d 1118, 1122 (C.D.

10  Cal. 2009) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)) (internal quotation

11  marks omitted).  While the plaintiff cannot "simply rest on the bare allegations of its

12  complaint, uncontroverted allegations in the complaint must be taken as true."  *Id.* (quoting

13  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)) (internal

14  quotation marks omitted).  However, the Court may not assume the truth of allegations in the

15  complaint that are contradicted by affidavit.  *Joseph Saveri Law Firm, Inc. v. Michael Criden*

16  *P.A.*, No. C-14-01740(EDL), 2014 WL 3673313, at *2 (N.D. Cal. July 23, 2014) (citing

17  *DataDisc*, 557 F.2d at 1284).  The Court must resolve conflicts between the parties' affidavits

18  in the plaintiff's favor.  *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,

19  800 (9th Cir.2004)).  However, the plaintiff's evidence must be admissible in order to rebut a

20  statement in the defendant's affidavit.  *Id.* (citing *Nicosia v. De Rooy*, 72 F.Supp.2d 1093,

21  1097 (N.D.Cal.1999)).

22        When, as here, no federal statute specifically defines the extent of personal

23  jurisdiction, courts look to the law of the state where the district court sits.  *Menken*, 503 F.3d

24  at 1056 (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004)).

25  Thus, this Court looks to California's long-arm statute.  California's long-arm statute is co-

26  extensive with federal standards and thus authorizes a court to "exercise personal jurisdiction

27  if doing so comports with federal constitutional due process."  *Guava Family, Inc. v. Guava*

28  *Kids, LLC*, No. 12CV2239 WQH BGS, 2013 WL 1742786, at *4 (S.D. Cal. Apr. 23, 2013)

1   (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)); Cal. Civ. Pro. Code §

2   410.10.

3         Due process requires that a defendant have such "minimum contacts with the forum

4   state that maintenance of the suit does not offend traditional notions of fair play and

5   substantial justice." *Tatung Co. v. Shu Tze Hsu*, —— F. Supp. 2d ——, No. SACV

6   13-1743-DOC ANX, 2014 WL 4306561, at *6 (C.D. Cal. Sept. 2, 2014) (quoting *Int'l Shoe*

7   *Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).  The Court

8   must assess each defendant's contacts with the forum state individually.  *Real Action*

9   *Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2014 WL

10  5829374, at *4 (N.D. Cal. Nov. 10, 2014) (quoting *Calder v. Jones*, 465 U.S. 783, 790

11  (1984)).

12        "A court's exercise of personal jurisdiction over a nonresident defendant may be either

13  general or specific." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).  A

14  court has general jurisdiction where the defendant's activities in the forum are "sufficiently

15  'substantial' or 'continuous and systematic' to justify the exercise of jurisdiction over [her] in

16  all matters[.]" *Tatung*, 2014 WL 4306561, at *6 (citing *Helicopteros Nacionales de*

17  *Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Am. Nat. Red Cross*, 112 F.3d at

18  1050–51).  A court has specific jurisdiction over the defendant when "the defendant's specific

19  contacts with the forum give rise to the claim in question." *Id.* (citing *Helicopteros*

20  *Nacionales de Columbia*, 466 U.S. 414–16; *Am. Nat. Red Cross*, 112 F.3d at 1050–51).

21        Courts in the Ninth Circuit apply a three-part test to determine whether they may

22  exercise specific jurisdiction over a nonresident defendant:

23      (1) The non-resident defendant must purposefully direct his activities or
    consummate some transaction with the forum or resident thereof; or perform
24  some act by which he purposefully avails himself of the privilege of
    conducting activities in the forum, thereby invoking the benefits and
25  protections of its laws;

26      (2) the claim must be one which arises out of or relates to the defendant's
    forum-related activities; and

27

28      (3) the exercise of jurisdiction must comport with fair play and substantial
    justice, i.e. it must be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  The plaintiff bears the burden of

1    establishing the first two prongs.  *Id.*  If she establishes both prongs, the burden shifts to

2    defendant to come forward with a "compelling case" that the exercise of jurisdiction would be

3    unreasonable.  *Id.*

4         **B.    Application**

5         Raven argues that this Court has specific jurisdiction over DeMarco.  However, as

6    discussed below, Raven's argument fails to take flight.

7         First, the only facts that Raven alleges pertaining to the location of a party or event at

8    issue are: (1) Molyneux is an individual who currently and at all material times has resided in

9    Ontario, Canada, (Compl. ¶ 6); (2) DeMarco is an individual who currently and at all material

10   times has resided in New York, (Compl. ¶ 7); and (3) Raven is an individual residing in Texas,

11   (Compl. ¶ 5.).  While Raven also alleges that various activities occurred on assorted websites,

12   she alleges no facts regarding the geographic location of the websites' host servers, operators,

13   users, or other persons or property relevant to the current dispute (aside from the facts listed

14   above).  In sum, Raven's complaint fails to allege a single fact that she identifies as pertaining

15   to California.  Instead, the complaint alleges only that a Canadian and a New Yorker harmed a

16   Texan over the internet.

17        DeMarco submits a signed and sworn affidavit in support of his motion to dismiss.  In

18   his affidavit, DeMarco asserts that he has always resided and worked in New York and that all

19   of his bank accounts and assets are located in New York.  (DeMarco Decl. ¶ 2.)  He further

20   asserts that he has never done any work for LDD from California.  (DeMarco Decl. ¶ 4.)  He

21   also alleges that he has never been to California or paid California income or property taxes.

22   (DeMarco Decl. ¶ 5.)  He also claims that he does not own or lease property in California and

23   does not have bank accounts or other assets in California.  (*Id.*)  DeMarco has never been

24   involved in any litigation in California aside from the instant suit.  (*Id.*)  Finally, DeMarco

25   asserts that he submitted the contested takedown notices from his computer and that he did not

26   know who owned the Tru Shibes YouTube channel when he submitted them.  (DeMarco Decl.

27   ¶¶ 6–7.)

28        Raven fails to submit any admissible evidence to rebut DeMarco's affidavit.  Instead,

1    she relies on a host of facts stated in her opposition brief.  Because Raven's opposition brief is

2    not an affidavit or admissible evidence, facts alleged therein are insufficient to rebut

3    statements in DeMarco's affidavit.  Moreover, even if supported by admissible evidence,

4    Raven's allegations would be insufficient to show that this Court has personal jurisdiction

5    over DeMarco.

6         Raven does not directly contest any of DeMarco's assertions described above.  Instead,

7    Raven argues that: (1) YouTube discloses that its copyright agent is in California; (2)

8    Defendants agreed to YouTube's terms of service designating California as the appropriate

9    forum to decide any claim or dispute between YouTube and its users arising from its service;

10   (3) Freedomain Radio hosts a forum for administering and managing "meetup groups" used by

11   an California group that last met in November 2014; (4)DeMarco "certainly" provided support

12   for several Freedomain-related trips that Molyneux took to California—including two trips in

13   2014; and (5) DeMarco "likely" coordinated several shows that Molyneux produced from

14   California, even though DeMarco "never physically set foot in the state."  (Pl.'s Opp. 1–3.)

15        These allegations do not show the kind of substantial or continuous and systematic

16   contacts necessary to establish general jurisdiction over DeMarco.  Moreover, except for the

17   allegations concerning YouTube, these facts are not related to the events at issue in the case at

18   bar.  Raven alleges that Defendants made defamatory statements about her on the Freedomain

19   Radio website and that they wrongfully sent takedown notices to YouTube regarding her

20   critique videos.  These actions have nothing to do with Californians' use of the Freedomain

21   website to manage meetup groups or DeMarco's alleged support services for Molyneux's

22   California activities (which Raven does not argue are related to her or her critique videos).

23   These allegations are thus insufficient to give rise to specific jurisdiction over DeMarco in this

24   action.  *See Wang v. Thomson*, No. 14-CV-02388-BLF, 2014 WL 7272479, at *3 (N.D. Cal.

25   Dec. 19, 2014) (finding that the plaintiff could not use the existence of a donation web page to

26   establish specific jurisdiction over the defendant because no part of the web page related to the

27   conduct at issue in his suit).  Finally, without more, merely sending nine separate takedown

28   notices from outside California to YouTube's agent in California is insufficient to establish

specific jurisdiction.  *See Browne*, 612 F. Supp. 2d at 1124–25 (holding that agreeing to California-based nonparty YouTube's terms of service and broadcasting the disputed commercial on YouTube were insufficient to establish specific jurisdiction over defendant in a copyright, trademark, and right of publicity case); *see also Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) (holding that sending a takedown notice to YouTube in California was insufficient to establish specific jurisdiction over a defendant in a case asserting a claim under § 512(f) and seeking a declaratory judgment that the plaintiff's video was noninfringing).

Raven thus fails to satisfy her burden of making a prima facie showing that this Court has general or specific jurisdiction over DeMarco.  For the aforementioned reasons, the Court GRANTS DeMarco's motion to dismiss Raven's claims against him.  The Court DISMISSES WITHOUT PREJUDICE Raven's claims against DeMarco.

Furthermore, for the reasons discussed above, Raven fails to demonstrate how further discovery will allow her to contradict DeMarco's affidavit.  The Court therefore DENIES Raven's request for jurisdictional discovery.  *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995).

## IV.    Raven's Motion to Transfer

In the alternative, Raven argues that this Court should transfer her case to "the appropriate jurisdiction."  It is rare that a plaintiff abdicates to the Court her power to select her preferred forum.  Regardless, it is not this Court's job to pick a suitable jurisdiction out of thin air.  The Court therefore DENIES Raven's motion to transfer.

///

///

///

///

///

///

///

7

**V.    ORDER**

    1.  For the foregoing reasons, the Court GRANTS DeMarco's motion to dismiss Raven's claims against him.  The Court DISMISSED WITHOUT PREJUDICE Raven's claims against DeMarco.

    2.  For the foregoing reasons, the Court DENIES Raven's request for jurisdictional discovery.

    3.  For the foregoing reasons, the Court DENIES Raven's motion to transfer.

    **IT IS SO ORDERED.**

Dated: January 27, 2015

_____
STEPHEN V. WILSON
United States District Judge